**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose LOAIZA–DIAZ, Defendant–
Appellant.**

**No. 95–10448.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 18, 1996.

Decided Oct. 1, 1996.

George H. Soltero, Assistant Federal Public Defender, Tucson, AZ, for defendant-appellant.

Robert L. Miskell and James D. Whitney, Assistant United States Attorneys, Tucson, AZ, for plaintiff-appellee.

Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.*

* The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting     by designation.

BEEZER, Circuit Judge:

Jose Loaiza–Diaz was arrested while driving a truck loaded with 123.5 pounds of marijuana from Mexico to Phoenix, Arizona. During a search of the truck, police discovered a loaded shotgun underneath the seat on the passenger side. Loaiza–Diaz was indicted for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). A jury convicted him on all counts. Loaiza–Diaz appeals his conviction for carrying a firearm during his drug trafficking crime. He argues that the jury was improperly instructed and that there was insufficient evidence to convict. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I

■ Loaiza-Diaz contends that the jury was improperly instructed on the "carry" element of 18 U.S.C. § 924(c).[1] Loaiza–Diaz contends that the district court used "emboldenment" language that improperly defines the "carry" element. Whether a jury instruction misstates elements of a crime is a question of law and is reviewed de novo. *United States v. Von Willie*, 59 F.3d 922, 927 (9th Cir.1995).

The district court instructed the jury that in order to find Loaiza–Diaz guilty, they had to find that the defendant committed the drug trafficking crime and that:

the defendant, during and in relation to the commission of that crime, carried a firearm. A firearm is carried in relation to an offense if the firearm facilitated or had a role in the crime, such as emboldening or instilling boldness or courage in an actor who had the opportunity or ability to display or discharge the firearm to protect himself or to intimidate others, whether or not such display or discharge actually occurred.

Loaiza–Diaz relies on language from *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) to support his argument that the "emboldenment" language was improper. In *Bailey*, the Supreme Court explained that one does not "use" a firearm simply by placing it near the site of a drug crime to "embolden or comfort the offender." *Id.* at ——, 116 S.Ct. at 508. The Court explained that "the inert presence of a firearm, *without more*, is not enough to trigger § 924(c)(1)." *Id.* (emphasis added).

■ After *Bailey*, it is clear that one cannot be convicted of "using" a firearm simply because the firearm emboldened him. *Bailey* does not answer the question, however, of whether a firearm which is "carried" is carried "in relation to" a crime if it "emboldens" the person to commit the crime. That question has already been decided.

In *Smith v. United States*, the Supreme Court explained that "in relation to" means that "the gun at least must 'facilitat[e], or ha[ve] the potential of facilitating,' the drug trafficking offense." 508 U.S. 223, 238, 113 S.Ct. 2050, 2059, 124 L.Ed.2d 138 (1993) (quoting *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985)). In *Stewart*, we explained that when one "carries" a firearm, it may facilitate a crime by "emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred...." 779 F.2d at 540.

The explanation of the "in relation to" element found in *Stewart* remains valid precedent despite our recognition in *United States v. Hernandez*, 80 F.3d 1253, 1257 (9th Cir.1996), that "[t]o the extent that our prior decisions [including *Stewart*] are to the contrary [of *Bailey*], they have been overruled." *Stewart* has been overruled to the extent it suggested that the "inert presence of a firearm, without more, is [ ] enough to trigger [the 'use' prong of] § 924(c)." *Hernandez*, 80 F.3d at 1257 (quoting *Bailey*, —— U.S. at

---

1. 18 U.S.C. § 924(c)(1) provides:
   Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

——, 116 S.Ct. at 508). *Stewart* has not been overruled, however, to the extent that it explained how "carrying" a firearm may be "in relation to" a drug trafficking crime.

■ *Without more,* the fact that a firearm facilitates a drug trafficking crime does not mean that one is guilty of violating § 924(c). One must also have "carried" or "used" the firearm in question. Likewise, the fact that one "carries" or "uses" a firearm does not mean that he is guilty of violating § 924(c). The firearm must be "carried" or "used" "in relation to" the drug trafficking crime. The language from *Smith* and *Stewart* that was used by the district court to explain the "in relation to" element was proper. If one carries a firearm and that firearm facilitates a drug trafficking crime by, for example, emboldening the actor, that person is guilty of violating § 924(c).[2]

## II

■ Loaiza–Diaz also argues that there was insufficient evidence to support his conviction for carrying the shotgun. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Delgado,* 4 F.3d 780, 783 (9th Cir.1993).

■ Our review of the record discloses evidence, which if believed by the jury, would be sufficient to support Loaiza–Diaz's conviction. The shotgun was clearly carried in the truck because it was transported and was "within reach and immediately available for use." *United States v. Staples,* 85 F.3d 461, 464 (9th Cir.1996). The shotgun was also carried by Loaiza–Diaz and not by his passenger. Loaiza–Diaz was responsible for transporting the drugs, and Loaiza–Diaz was driving the truck which contained the weapon. Furthermore, an arresting officer testified that Loaiza–Diaz admitted that the firearm was given to him for his protection by the man for whom he was smuggling the drugs. Although Loaiza–Diaz denied having made such an admission, the jury "was entitled to decide whose testimony it would believe." *United States v. Gutierrez,* 995 F.2d 169 (9th Cir.1993) (citation omitted).

AFFIRMED.

---

**2.** We note that although the district court's jury instruction defined "in relation to," it did not define "carried." Loaiza–Diaz did not object at trial to the district court's failure to define the "carry" element, nor is his appeal based on the failure. We have held that no prejudice results when a district court fails to define "concept[s] within the jury's ordinary experience." *United States v. Moore,* 921 F.2d 207, 210 (9th Cir.1990). We express no opinion on the question whether the "carry" concept is sufficiently commonly understood so that a definition is not required; nor do we express an opinion on the question whether it would be an abuse of discretion for a district court to refuse to define the element if requested. *Cf. United States v. Staples,* 85 F.3d 461, 464 (9th Cir.1996) (transporting firearm within automobile constitutes "carrying" if "within reach and immediately available for use").