UNITED STATES of America, Plaintiff,

v.

Shusta Traverse Akim GUMBS, Defendant.

Criminal No. 1996–191.

District Court, Virgin Islands, D. St. Thomas and St. John.

April 11, 1997.

Sarah L. Weyler, Assistant United States Attorney, St. Thomas, U.S.V.I., for plaintiff.

Stephen A. Brusch, Assistant Federal Public Defender, St. Thomas, U.S.V.I. for defendant.

### MEMORANDUM

MOORE, Chief Judge.

This matter was heard on March 7, 1997 on the defendant's motion to dismiss Count IV of the indictment charging the defendant with **carrying a firearm during and in relation to** a drug trafficking offense in violation of 18 U.S.C. § 924(c). This Court has jurisdiction to consider dismissing the charge on a pretrial motion because the Government does not dispute the facts and does not contend that any additional evidence will be presented at trial to support the charge. *United States v. Hall,* 20 F.3d 1084, 1086–87 (10th Cir.1994). Based upon the undisputed facts, the defendant's motion is denied.

The defendant was arrested at the airport on St. Thomas after agents from the Drug Enforcement Agency Task Force discovered marijuana in the defendant's bag. The defendant had been observed picking up the bag from the baggage claim carousel. Also in the bag was (1) an unloaded .32 caliber handgun with two empty magazines in a plastic container completely taped with duct tape and (2) a separate plastic container, also duct taped, in which was a box of .32 caliber bullets.

Section 924(c) states that "[w]hoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years...." 18 U.S.C.A. § 924(c)(1) (1997 Supp.) Although the Supreme Court has addressed the meaning of the word "uses," it has not definitively construed the word "carries." *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The Court there considered whether the presence of guns in a locked car trunk or in a locked footlocker inside a closet constituted "use" for purposes of section 924(c)(1). The Court stated that "a conviction for 'use' of a firearm under § 924(c)(1) requires more than a showing of mere possession...." *Id.* at ——, 116 S.Ct. at 506. To establish "use," the government must show "an active employment of the firearm." *Id.* at ——, 116 S.Ct. at 505. The Court noted that if "use" were understood to encompass "the action of a defendant who puts a gun into place to protect drugs or to embolden himself," the term would be "of such breadth that no role [would] remain[ ] for 'carry'." *Id.* at ——, 116 S.Ct. at 507. The Court remanded to the trial courts whether a defendant could be convicted of carrying a firearm, noting that "[t]he 'carry' prong of section 924(c)(1) ... brings some offenders who would not satisfy the 'use' prong within the reach of the statute." *Id.* at ——, 116 S.Ct. at 509.

In this case, Mr. Gumbs had the gun in a bag which he was carrying in his hand. These facts are sufficient to support a finding that the defendant was "carrying" the gun for purposes of section 924(c). As the Supreme Court has noted, "[w]hen a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning." *Smith v. United States,* 508 U.S. 223, 228, 113 S.Ct. 2050, 2054, 124 L.Ed.2d 138 (1993). A dictionary definition of 'carry' includes "to move while supporting (as in ... one's hands or arms)...." *United States v. Cleveland,* 106 F.3d 1056, 1066 (1st Cir.1997) (quoting Webster's Third New International Dictionary of the English Language Unabridged 343 (3d ed.1971)). *See also United States v. Manning,* 79 F.3d 212, 216 (1st Cir.1996) (defendant's actions of carrying loaded weapon and drugs in briefcase "meet any reasonable construction of the word ['to carry']."). [1]

---

1. Since *Bailey,* several courts of appeals have addressed the scope and meaning of the term "carry" a firearm under section 924(c)(1). *See e.g., United States v. Cleveland,* 106 F.3d 1056 (1st Cir.1997); *United States v. Manning,* 79 F.3d 212 (1st Cir.1996); *United States v. Hernandez,* 80 F.3d 1253 (9th Cir.1996); *United States v. Riascos–Suarez,* 73 F.3d 616 (6th Cir.1996); *United States v. Giraldo,* 80 F.3d 667 (2nd Cir. 1996). Defendant argues that "[m]ost Courts of Appeals have now interpreted the 'carry' prong to require 'immediate availability' or accessibility

Having found that the defendant was carrying the gun, the next issue is whether the gun was carried "in relation to or during a drug trafficking offense." Because the gun was carried in the same bag as the marijuana, a jury could infer that the defendant had the gun for the purpose of protecting the drugs in the past or future or effectuating a drug transaction in the future. Other courts have held that the presence of a firearm near or in the same container as the drugs is sufficient to meet the "during and in relation to" requirement of section 924(c)(1). *See e.g. Manning,* 79 F.3d at 217, *United States v. Miller,* 84 F.3d 1244, 1260 (10th Cir.1996); *United States v. Loaiza–Diaz,* 96 F.3d 1335, 1337 (9th Cir.1996).

Because the undisputed facts could support a finding by a jury that the defendant carried a firearm during and in relation to a drug trafficking offense, the Court declines to dismiss Count IV of the indictment. An appropriate order is attached.

## ORDER

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that the defendant's motion to dismiss Count IV of the indictment is DENIED.

of the firearm for use." (Mot.Dismiss at ¶ 9.) However, those cases that imposed an immediate availability requirement concerned when the guns were not on the person nor carried by the person but rather found in an automobile or in a locked toolbox. *See, e.g. Riascos–Suarez,* 73 F.3d at 623 (gun placed in driver's side of console was immediately accessible and therefore carried); *Hernandez,* 80 F.3d at 1257 (gun placed in locked toolbox stored in garage not immediately accessible and therefore not carried). In cases involving guns in automobiles, the courts of appeals have split on the question whether a gun in an automobile has to be immediately accessible in order to be "carried" within the meaning of the statute. *See Cleveland,* 106 F.3d at 1066–68 (surveying cases from various circuits). Because the defendant in this case was clearly "carrying" the gun in his bag, the question whether the gun was "immediately accessible" is not relevant.