122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ignacio BALTAZAR, Defendant-Appellant.
 No. 96-35796.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, Nos. CV-95-00875-WLD and CR-94-00056-WLD; William L. Dwyer, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ignacio Baltazar appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review the district court's decision de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 Baltazar contends that the evidence was insufficient to support his conviction under 18 U.S.C. § 924(c) because he did not use or carry a firearm during and in relation to a drug trafficking crime, in light of Bailey v. United States, 116 S.Ct. 501, 505 (1995). We disagree.
 
 
 4
 A review of the record discloses evidence which, when viewed in the light most favorable to the government, is sufficient to support a conviction for carrying a firearm during and in relation to a drug trafficking crime.[1] The government introduced evidence that Baltazar provided a loaded .38 caliber revolver to a co-conspirator "to protect the cocaine," that the co-conspirator transported the gun in his pants into the motel room where two kilograms of cocaine were exchanged with the purchaser, and that the co-conspirator placed the gun on or in a chair while meeting with the purchaser. See United States v. Fonseca-Caro, 114 F.3d 906, 907 (9th Cir.1997) (per curiam) (stating that a defendant may be found guilty of violating 18 U.S.C. § 924(c) based solely on the use or carrying of a firearm by a co-conspirator); United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996) (stating that a defendant "carries" a firearm when he transports the firearm on or about his person). Accordingly, the district court properly denied Baltazar's challenge to the sufficiency of the evidence.
 
 
 5
 Baltazar also contends that the "in relation to" jury instruction impermissibly allowed the jury to convict him of carrying a firearm during and in relation to a drug trafficking crime based solely on the availability of the firearm. We review de novo whether a jury instruction misstated the elements of a crime. See United States v. VonWillie, 59 F.3d 922, 927 (9th Cir.1995).[2]
 
 
 6
 Baltazar's contention lacks merit. The jury instruction accurately informed the jury that, in order to convict the defendant of carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c), the firearm must have facilitated the drug trafficking crime in terms of protecting the defendant or a co-conspirator, quantities of illegal drugs or narcotics proceeds. See United States v. Perez, 116 F.3d 840, 847-48 (9th Cir.1997) (en banc) (stating that an "in relation to" instruction must inform the jury that the firearm was intended to facilitate the drug crime); United States v. Loaiza-Diaz, 96 F.3d 1335, 1336-37 (9th Cir.1996) (stating that a defendant who carries a firearm may facilitate a drug trafficking crime by emboldening the defendant, regardless of whether the firearm is displayed or discharged). Accordingly, the district court properly denied Baltazar's challenge to the "in relation to" jury instruction.[3]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because there is sufficient evidence to support a conviction under the "carry" prong of 18 U.S.C. § 924(c), there is no need to reach the "use" prong. See United States v. Lopez, 100 F.3d 98, 101 n. 5 (9th Cir.1996), cert. denied, 117 S.Ct. 1824 (1997)
 
 
 [2]
 We need not address whether Baltazar has procedurally defaulted on any of his appellate issues because the government did not assert procedural default below. See Gonzalez v. United States, 33 F.3d 1047, 1049 (9th Cir.1994) (holding that government's failure to assert procedural default in district court proceedings on a section 2255 motion waives the issue)
 
 
 [3]
 Baltazar also argues that his conviction must be reversed because the jury may have convicted him on the basis of a gun carried by the undercover detective/purchaser. However, we do not address this argument because Baltazar did not raise it in his section 2255 motion. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)