124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Otto Luis DUCASSE-HERRERA, Defendant-Appellant.
 No. 97-35087.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 29, 1997.
 
 Appeal from the United States District Court for the District of Alaska, H. Russell Holland, District Judge, Presiding; Nos. CV-96-00055-HRH and CV-92-00173-HRH.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Otto Luis Ducasse-Herrera appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for using and carrying a firearm, in violation of 18 U.S.C. § 924(c). Ducasse-Herrera contends that there was insufficient evidence to support his conviction, and that the district court erroneously instructed the jury. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the denial of a section 2255 motion, see United States v. Harris, 108 F.3d 1107, 1108 (9th Cir.1997), and we affirm.
 
 
 3
 Ducasse-Herrera first contends--and the government concedes--that the evidence was insufficient to convict him under the use prong of section 924(c)(1), in light of Bailey v. United States, 116 S.Ct. 501 (1995). "Our review of the record discloses evidence," however, "which if believed by the jury, would be sufficient to support [Ducasse-Herrera's] conviction." See United States v. Loaiza-Diaz, 96 F.3d 1335, 1337 (9th Cir.1996). Specifically, the undisputed evidence indicates that, when he was arrested while sitting in a car in a parking lot where the drug transaction occurred, Ducasse-Herrera had on his person two loaded guns that were immediately available for his use. Accordingly, there was sufficient evidence to support Ducasse-Herrera's conviction under the carry prong of section 924(c). See 18 U.S.C. § 924(c)(1); United States v. Henson, Nos. 94-50574, 94-50575, slip op. 10319, 10336 (9th Cir. Aug. 21, 1997) (stating that carrying two pistols in waistband while engaging in drug trafficking crime will support § 924(c)(1) conviction); United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996) (concluding that to be convicted of "carrying" firearm in violation of § 924(c)(1) defendant "must have transported the firearm on or about his person," which means "firearm must have been immediately available for use by the defendant").
 
 
 4
 Ducasse-Herrera also contends that his section 924(c)(1) conviction should be vacated because the district court erroneously instructed the jury as to the definition of the term "carry." Although the jury instruction improperly defined the term "carry" in light of Hernandez, 80 F.3d at 1258, we conclude that the error was harmless, given the undisputed evidence that Ducasse-Herrera had two guns on his person during the drug transaction. See United States v. Lopez, 100 F.3d 98, 103-05 (9th Cir.1996) (determining that although jury instructions misdescribed the "use or carry" element, error was harmless because jury necessarily found misdescribed element), cert. denied, 117 S.Ct. 1824 (1997). Accordingly, the district court correctly denied Ducasse-Herrera's section 2255 motion.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without: oral argument. See Fed R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Ducasse-Herrera contends that his conviction should be vacated because the jury instructions defined the elements of section 924(c) in the disjunctive and the indictment charged the elements in the conjunctive, we reject this contention. See United States v. Bettencourt, 614 F.2d 214, 219 (9th Cir.1980) (stating that jury may convict on finding any of elements of disjunctively defined offense, despite choice of conjunctive language in indictment); see also United States v. Abascal, 564 F.2d 821, 832 (9th Cir.1977) (stating that government may charge in conjunctive that which statute prohibits in disjunctive, and evidence supporting any of the charges will support guilty verdict)