UNITED STATES of America,
Plaintiff–Appellee,

v.

Leonel MEDINA–CHAVARIN,
Defendant–Appellant.

No. 96–55556.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 1997.*

Submission Deferred April 11, 1997.

Resubmitted June 11, 1998.

Decided July 6, 1998.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant.

Kenneth P. White, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.**

TASHIMA, Circuit Judge:

Defendant Leonel Medina–Chavarin (Medina) was charged with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

Medina drove his car alone to meet with undercover agents at a parking lot, where he had agreed to engage in a drug deal. Upon being arrested, Medina's car was searched and a .25 caliber semiautomatic pistol was found under the driver's seat. Medina was convicted by a jury and was sentenced to a 78–month term of imprisonment on the drug count and to a consecutive 60–month term of imprisonment on the § 924(c) charge. His conviction was affirmed on direct appeal. He also unsuccessfully sought relief under 28 U.S.C. § 2255.

After the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Medina filed this second § 2255 motion, challenging his conviction under § 924(c). The district court denied relief and Medina appeals. We affirm.

Medina raises two grounds on this appeal: (1) that the evidence was insufficient to sustain a § 924(c) conviction; and (2) that the term "carry" was incorrectly defined in the instructions. We review the denial of a § 2255 motion de novo. *United States v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34–4.

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

*Span,* 75 F.3d 1383, 1386 (9th Cir.1996). In reviewing a sufficiency of the evidence claim, we are required to view the evidence in the light most favorable to the government. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

### 1. Sufficiency of the Evidence

The main thrust of defendant's argument is that the evidence was insufficient to support an inference that the gun was "immediately available for use" by him, which he contends is required in order to support a "carrying" charge. The evidence discloses that Medina purchased the gun for "protection" and that he placed it under the front seat of the car which he drove to the drug deal. Medina relies on *United States v. Hernandez,* 80 F.3d 1253, 1258 (9th Cir.1996), to support his contention that the gun must have been immediately available for his use, in order to support a carrying charge.

*Hernandez* does so hold, and we recently reaffirmed its interpretation of § 924(c)'s carrying prong in *United States v. Foster,* 133 F.3d 704, 708 (9th Cir.1998) (en banc).[1] We need not decide, however, whether the evidence is sufficient to support a finding of guilt under the *Hernandez/Foster* test, because that interpretation of the word "carry," as used in § 924(c), has been overruled by the Supreme Court. In *Muscarello v. United States,* —— U.S. ——, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), the Court held: "In sum, the 'generally accepted contemporary meaning' of the word 'carry' includes the carrying of a firearm in a vehicle. The purpose of this statute warrants its application in such circumstances." *Id.* 118 S.Ct. at 1919. The Court's rationale for this more expansive definition is explained, at least in part, by the following:

> Once one takes account of the words "during" and "in relation to," it no longer seems beyond Congress' likely intent, or otherwise unfair, to interpret the statute as we have done. If one carries a gun in a car "during" and "in relation to" a drug sale, for example, the fact that the gun is carried in the car's trunk or locked glove compartment seems not only logically difficult to distinguish from the immediately accessible gun, but also beside the point. *Id.*

Under the Supreme Court's definition of "carry," the evidence was certainly sufficient—all that is required is that the firearm be carried in a vehicle. Medina carried the .25 caliber pistol in his car.

### 2. "Carrying" Instruction

The jury was instructed that to find the defendant guilty of "carrying," it needed to find "beyond reasonable doubt ... that the defendant carried a firearm during and in relation to [the drug offense]." The jury was further instructed that:

> Carrying under the statute is shown when the firearm is within the defendant's control during the commission of the narcotics offense. The term "relation to" for the purpose of violation of Title 18, United States Code Section 924(c) refers to a causal connection between a narcotics offense and the firearm.

The government has conceded that this instruction was erroneous under the *Hernandez/Foster* test because it only required the jury to find that "the firearm was within the defendant's control," rather than the more stringent requirement that the firearm was "immediately accessible" to the defendant. It argues, however, that because defendant did not object to the instruction at trial, we can review it only for "plain" error. *See Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

Although this case is here on collateral review, we need not be detained by the proper standard of review. The instruction was not erroneous under *Muscarello,* which, to repeat, requires only that the firearm be carried in defendant's vehicle.[2] The disputed instruction was surplusage because the jury was not required to find either that the firearm was within the defendant's control or

---

**1.** We deferred submission of this case, first, to await our en banc decision in *Foster,* and then to await the Supreme Court's decision in *Muscarello v. United States,* —— U.S. ——, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998).

**2.** The "during and in relation to" element is not at issue on this appeal.

that it was immediately accessible to him during the commission of the drug offense.

**AFFIRMED.**