**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leon Clifford FOSTER, Defendant–Appellant.**

**No. 89–10405.**

United States Court of Appeals, Ninth Circuit.

Jan. 13, 1999.

Michael R. Levine, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellant.

Miquel Rodriguez, Assistant United States Attorney, Sacramento, California, for plaintiff-appellee.

Before: HUG, Chief Judge, BROWNING, FLETCHER, KOZINSKI, THOMPSON, TROTT, FERNANDEZ, D. W. NELSON, KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

TROTT, Circuit Judge:

This is our fourth attempt to resolve Foster's appeal of his 1989 convictions of (1) conspiracy to manufacture and distribute methamphetamine, (2) possessing methamphetamine, and (3) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1988). The only remaining issue in this long saga[1] is whether the evidence presented in the district court was sufficient to prove the "carries a firearm" element of the § 924(c)(1) offense, as that element was recently clarified by the Supreme Court in *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911,

141 L.Ed.2d 111 (1998). Our answer is yes, and we affirm.

## I

On the basis of facts developed during a lengthy drug investigation, law enforcement officers arrested Foster almost ten years ago as he was attempting to drive from his property in his truck. Armed with a search warrant for the truck, and with Foster's consent, officers searched the truck. In the bed of the truck under a snap-down tarp, they found a loaded 9mm semiautomatic handgun in a zip-up bag, a bucket containing a triple beam O'Haus scale commonly used by drug traffickers, several empty clear plastic baggies, and some handwritten notes bearing prices.

At trial, Foster's testimony regarding the handgun found in his truck was as follows:

> A.... In the back of my trunk I had a little blue zip-up bag that I had a 9 millimeter in that I had over in the mountains, because where we ride there's a lot of rattlesnakes out there. I remember standing behind the pickup while they were searching the vehicle. They asked me if I had any weapons or guns on my person, weapons or knives on my person, and I responded no, that I did not, that *I did have a pistol in the back of the truck*. I informed them of that. (emphasis added).

On cross examination, Foster reaffirmed his knowing possession and transportation of the gun in his truck.

> Q. Now, the gun you had when you were arrested, that's the one here, that 9 mm gun?
>
> A. Yes, sir.

Foster's factual defense focused not on whether he was carrying the firearm in his vehicle, but on whether he was doing so

---

[1] Our initial decision reversing and remanding on a different issue, rendered in an unpublished memorandum disposition, was vacated by the Supreme Court on November 7, 1994, and remanded to us for further consideration. A three-judge panel affirmed. *United States v. Foster*, 57 F.3d 727 (9th Cir.1995). We then took the matter en banc, and reversed as to the 18 U.S.C. § 924(c)(1) (1988) count only, holding that the word "carries" must be narrowly interpreted to exclude firearms in the trunk of a car or the bed

of a truck. *United States v. Foster*, 133 F.3d 704 (9th Cir.1998) (en banc). The Supreme Court granted the government's petition for a writ of certiorari, vacated our en banc opinion in light of *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), and remanded for further consideration. *United States v. Foster*, ____ U.S. ____, 119 S.Ct. 32, 142 L.Ed.2d 24 (1998). With this opinion, we hope to bring down the final curtain on this case.

"during and in relation to" a drug trafficking crime-another element of the crime in question. Foster attempted to avoid a conviction by claiming he carried the gun to shoot snakes, not to facilitate any involvement in drug trafficking.

## II

On appeal, Foster has ultimately argued that the "carries" element of this offense demands that a person have carried, i.e., transported, a firearm on or about his or her body, and that this narrow definition requires that the firearm be immediately available for use. It follows, he says, that because his 9mm handgun was not on his person, but only in the bed of his truck, his conviction must fail for a lack of evidence sufficient to satisfy this restrictive definition.

Foster did not object at trial to the definition of "carries" being used to convict him, or to any aspect of that discrete element of the charge. He failed to challenge its meaning and focused instead on whether the government could prove other elements of the offense. In a pretrial memorandum, Foster's counsel relied on the common tactic of confession and avoidance:

2. Defendant's Position

It is the Defendant's Leon Foster [sic] position that he is not involved in the manufacture or distribution of amphetamines. In addition it is the Defendant's position that the drugs found at the residence were not his. Since he was not involved in any illegal activity there was no violation of the law by him carrying around the firearm in his vehicle. As such, he is not guilty on any charge.

He repeated the same argument in his opening brief filed with this court, asserting that the "in relation to" language is intended to make clear a condition already implicit in the statute, namely, that a person could not be convicted for *inadvertently carrying* a firearm in an obviously unrelated crime. (emphasis added). In his reply brief, Foster acknowledged "that the firearm need not be readily accessible." Thus, because Foster did not properly preserve the claim of error with regard to the interpretation of the "carries" language in § 924(c)(1), we review this claim for plain error. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Uchimura,* 125 F.3d 1282, 1286–87 (9th Cir.1997); *United States v. Perez,* 116 F.3d 840, 846 (9th Cir.1997) (en banc).

## III

The Supreme Court in *Olano* and then *Johnson* has mandated a four-part test to determine whether an alleged error may be corrected on appeal as plain error under Federal Rule of Criminal Procedure 52(b). The test begins predictably with whether an error indeed occurred. It is at this threshold that Foster's claim founders.

One might think that the every day words in the statute, "carries" and "uses," should have been easy to interpret and to apply.[2] Unfortunately, this has not been the case. Federal circuit judges around the nation have disagreed on the meaning of "carries" almost since the enactment of the statute. Our circuit, the Second, and the Sixth,[3] adopted Foster's restrictive view of the reach of the word "carries," while others, such as the First, Fourth, Fifth, Seventh and Tenth,[4] saw it more expansively, so as to include objects carried in the bed of a truck or the

---

2. For the story of the journey to epiphany of the term "uses a firearm," see *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

3. *United States v. Giraldo,* 80 F.3d 667, 676 (2d Cir.1996); *United States v. Riascos–Suarez,* 73 F.3d 616, 623 (6th Cir.1996).

4. *See United States v. Cleveland,* 106 F.3d 1056, 1066 (1st Cir.1997), *aff'd sub nom. Muscarello v. United States,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) ("[W]e agree with the Fourth, Seventh, and Tenth Circuits that a gun may be 'carried' in a vehicle for the purposes of § 924(c)(1) without necessarily being immediately accessible to the defendant while it is being transported."); *United States v. Muscarello,* 106 F.3d 636, 639 (5th Cir.1997); *aff'd,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998); *United States v. Mitchell,* 104 F.3d 649, 653–54 (4th Cir.1997); *United States v. Molina,* 102 F.3d 928, 931–32 (7th Cir.1996) ("Not only was the gun likely carried in relation to the drug trafficking

trunk of a car. Finally, in *Muscarello v. United States*, —— U.S. ——, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), a divided Supreme Court stepped in and resolved the dispute, holding that "carries a firearm" in § 924(c)(1) is not limited to the carrying of firearms on the person, but applies also to a person who knowingly possesses and conveys firearms in a vehicle, including in a locked glove compartment or the trunk of a car. The Court said:

> If one carries a gun in a car "during" and "in relation to" a drug sale, for example, the fact that the gun is carried in the car's trunk or locked glove compartment seems not only logically difficult to distinguish from the immediately accessible gun, but also beside the point.

*Id.* at ——, 118 S.Ct. at 1919.[5]

Given the uncontested relevant facts in this case, and viewing them in the light most favorable to the government and the Supreme Court's newly-minted definition of "carries," we conclude that the evidence that Foster carried the handgun found in the bed of his truck in violation of § 924(c)(1) is more than sufficient: it is overwhelming. Foster's testimony acknowledging his connection to and possession of the firearm is decisive. Likewise, all the relevant evidence regarding his engagement in the illegal drug business supports the jurors' rejection of the rattlesnake defense in favor of a determination that Foster possessed the firearm during and in relation to his drug related crimes. Accordingly, and because Foster's conviction of a section 924(c)(1) offense was free of error, we affirm.

AFFIRMED.

---

crime at the time that it was placed in the compartment with drugs, but it was also surely carried in relation to the crime when it was transported in a car in the same compartment that contains drugs possessed with the intent to distribute."); *United States v. Miller*, 84 F.3d 1244, 1259–60 (10th Cir.1996), *overruled on other grounds, United States v. Holland*, 116 F.3d 1353 (10th Cir.1997).

**5.** We have recognized in *United States v. Medina–Chavarin*, 147 F.3d 1161, 1162 (9th Cir.1998),

that *Muscarello* overruled our § 924(c)(1) definition of "carries", and we disapprove of any definition of "carries" such as those found in *United States v. Henson*, 123 F.3d 1226, 1233–34 (9th Cir.1997); *United States v. Lopez*, 100 F.3d 98, 101 (9th Cir.1996); *United States v. Steinberg*, 99 F.3d 1486, 1494 (9th Cir.1996); *United States v. Loaiza–Diaz*, 96 F.3d 1335, 1336 (9th Cir.1996); *United States v. Willett*, 90 F.3d 404, 407 (9th Cir.1996); *United States v. Staples*, 85 F.3d 461, 464 (9th Cir.1996); *United States v. Hernandez*, 80 F.3d 1253, 1257–58 (9th Cir.1996).