**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Simona Flores ROSALES, aka Simona
Rosales Bakker Defendant–
Appellant.**

No. 00–50272.

D.C. No. CR–99–02863–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 12, 2001.

Before HUG, DUHÉ,[1] and TALLMAN, Circuit Judges.

## MEMORANDUM [2]

Simona Flores Rosales ("Rosales") appeals her conviction on two counts of fraudulently concealing assets in bankruptcy proceedings under 18 U.S.C. § 152(7); one count of making a false statement in bankruptcy proceedings under 18 U.S.C. § 152(3); one count of money laundering under 18 U.S.C. § 1957(a); and one count of filing a false tax return under 26 U.S.C.

§ 7206(1). Rosales argues that (1) she was denied effective assistance of counsel; (2) the district court's jury instruction concerning a matter of tax law was erroneous; (3) the court abused its discretion when refusing to admit the testimony of her expert witness; and (4) there was insufficient evidence supporting her conviction on all counts.

### I. Ineffective Assistance of Counsel

Rosales argues she was denied effective assistance of counsel when her lawyer failed to object to testimony concerning certain findings of the bankruptcy court in her separate bankruptcy proceedings. The district court called a sidebar conference and expressed concern that counsel had not objected to this testimony. Counsel stated that he did not object because he planned to address the issue during his own examination.

▮ Ineffective assistance claims are customarily made in collateral proceedings rather than on direct appeal. *United States v. Henson*, 123 F.3d 1226, 1241 (9th Cir.1997), *overruled on other grounds*, *United States v. Foster*, 165 F.3d 689 (9th Cir.1999). This is because such claims usually cannot be resolved without development of facts outside the record. *Id.* If the facts are sufficiently developed or the assistance was obviously ineffective, the claim may be raised in a direct appeal. *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992). Although in this case the district court's thought process on the issue is reflected in the record, the record does not make clear what defense counsel's strategy was in not objecting to the challenged testimony. Therefore, we decline to reach this issue on appeal. *See*

---

1. The Honorable John M. Duhé Jr., Senior Circuit Judge for the Fifth Circuit, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Henson*, 123 F.3d at 1241 ("Without having more facts about the choices that Henson's attorney made, it is impossible to determine if Henson was denied effective assistance.").

## II. Jury Instruction

When a jury instruction is challenged because it allegedly contains a misstatement of law, the court conducts a *de novo* review. *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713 (9th Cir.2001).

In this case, Rosales had been indicted for filing a false 1997 federal tax return because she failed to report on her individual return $24,200 earned from the rental of her former home. The home had been placed in an irrevocable trust for the benefit of Rosales's children. All income generated by the trust was to remain in the trust until Rosales's youngest daughter reached 18 years of age. However, although Rosales testified that she considered the rent to be the property of the trust, she cashed the rent checks or gave the proceeds to her second husband. She never opened a bank account for the trust.

██ With respect to this charge, the court instructed the jury that under federal tax law:

> [I]f the income of an irrevocable trust is distributed to the grantor of the trust or the grantor's spouse, then that income is to be reported by and taxed to the grantor.... [I]f a trustee disregards the provisions of the trust and does not act as if bound by the trust and treats

the trust income as his or her own, then that income is treated as the income of the trustee and is reported on the trustee's individual tax return.

The instruction was partly based on the court's reading of 26 U.S.C. § 677.[3] The defense objected to the instruction because its position was that § 677 would have imposed an obligation on Rosales to report the rental income on her individual return *only* if the trust instrument had authorized her to distribute the trust income.[4] The trust did not contain such a provision. In her brief and at trial, Rosales's sole support for her interpretation of § 677 was the proffered testimony of her tax expert, who is not an attorney.

A plain reading of § 677 supports the district court's interpretation and the jury instruction. The section applies even if the trust instrument does not authorize the grantor to distribute the income. Therefore, the instruction was legally sound and not erroneous as a matter of law.

## III. Exclusion of Certain Testimony of Rosales's Tax Expert

The court reviews a district court's decision whether to exclude expert testimony for abuse of discretion. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997). The Federal Rules of Evidence only permit expert testimony if it assists the trier of fact to understand the evidence or determine a fact in issue. Fed.R.Evid.

---

**3.** 26 U.S.C. § 677 states: "The grantor shall be treated as the owner of any portion of a trust ... whose income without the approval or consent of any adverse party is, or, in the discretion of the grantor or a nonadverse party, or both, may be—(1) distributed to the grantor or the grantor's spouse...." 26 U.S.C. § 671 provides that where a grantor is treated as the owner of a trust, the trust income is included in the grantor's taxable income.

**4.** The Government asserts that the defense objected at trial only to the third paragraph of the instruction. However, the trial transcript indicates that the defense objected to the entire instruction and argued that the court should not send this count of the indictment to the jury. But since the court had determined that § 677 applied, the defense objected to the wording only of paragraph three of the final instruction. *See* RT 1229–1230.

702. However, the court instructs the jury as to matters of law. *United States v. Scholl,* 166 F.3d 964, 973 (9th Cir.), *cert. denied,* 528 U.S. 873, 120 S.Ct. 176, 145 L.Ed.2d 149 (1999).

 Rosales argues that the court abused its discretion when it refused to permit her tax expert to testify that Rosales did not have an obligation to report the rental income on her individual return. However, this testimony was only offered to prove a legal conclusion. In *Scholl,* the court held that the district court had not abused its discretion when it excluded testimony by tax experts as to the confusing state of the law, to show that Scholl's belief was reasonable. The experts had no knowledge of Scholl's actual confusion, and their testimony as to the reasonableness of his belief called for a legal conclusion. *Id.* Rosales's expert appears to have been consulted only for trial and was not involved in the filing of her 1997 return. Therefore, he too could not have offered any testimony as to her actual confusion or good faith in not reporting the rental income. Because only the judge may instruct the jury as to the law, the court did not abuse its discretion in excluding this testimony.

## IV. Sufficiency of the Evidence

Because Rosales moved for a judgment of acquittal at the close of all the evidence, she has preserved her insufficient evidence claim on appeal. This court reviews the denial of a motion for acquittal *de novo. United States v. Pacheco–Medina,* 212 F.3d 1162, 1163 (9th Cir.2000). We must review the evidence in the light most favorable to the Government and uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

 The Government correctly points out that Rosales asks this court to reweigh the evidence and credibility of the witnesses simply because some exculpatory testimony was not contradicted. However, witness credibility determinations are insulated from review on appeal. *United States v. Croft,* 124 F.3d 1109, 1125 (9th Cir.1997). As the Supreme Court stated in *Chesapeake & O. Ry. v. Martin,* 283 U.S. 209, 216, 51 S.Ct. 453, 456, 75 L.Ed. 983 (1931), "We recognize the general rule ... that the question of the credibility of witnesses is one for the jury alone." The court continued, "[T]his does not mean that the jury is at liberty ... to disregard his testimony, when from no reasonable point of view is it open to doubt." *Id.* All of the testimony Rosales urges us to consider was reasonably open to doubt. Much of it was either her own testimony, or that of her family. The jury was entitled to reject it as biased and not credible. Moreover, though it may have been undisputed that Rosales was treated for emotional problems and memory loss, the jury was entitled to determine that the conduct supporting the charges was not the result of that condition. Finally, the jury could have taken into account Rosales's occupation as an Administrative Law Judge to decide that her testimony concerning her understanding about her obligation to report certain income to the bankruptcy court and the Internal Revenue Service was not credible. Rosales has not shown that a rational trier of fact could not have found her guilty on all counts beyond a reasonable doubt.

AFFIRMED.