**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Mark Douglas PIRTLE, Defendant—**
**Appellant.**

**No. 01–35290.**
**D.C. No. CV–96–00541–BLW**
**CR–91–00541–1–BLW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Dec. 11, 2001.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Defendant Mark Douglas Pirtle appeals from the district court's denial of his § 2255 motion. He argues that there is insufficient evidence to sustain his conviction under 18 U.S.C. § 924(c)(1) for using or carrying a firearm "during and in relation to" a drug-trafficking crime. On de novo review, we affirm.

Defendant was convicted of conspiring to manufacture methamphetamine, in addition to the firearm charge; a drug-trafficking crime thus is conclusively established. He essentially does not contest that he was "carrying a firearm," but contests whether he did so "during and in relation to" the drug-trafficking crime.

The gun facilitated or had the potential to facilitate the drug crime. *Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct.

2050, 124 L.Ed.2d 138 (1993) (stating standard and citing *United States v. Stewart,* 779 F.2d 538, 539–40 (9th Cir.1985), with approval). Defendant's delivery of a Subaru Brat vehicle to his three co-conspirators in Idaho was a key to the success of the conspiracy, because it was intended to transport the precursor chemicals back to California. A rational jury could conclude that the firearm that he carried with him in the vehicle had the potential to facilitate the conspiracy and to embolden Defendant.[1]

Defendant argues that he could not properly be found guilty because he did not carry the gun in the presence of the drugs themselves, nor did he intend to. That argument is unavailing. When he was carrying the firearm, Defendant was en route to meet the three co-conspirators who needed the Brat to carry the precursor chemicals. That is, he was in the course of furthering the goals of the drug conspiracy at that time. *Cf. United States v. Foster,* 165 F.3d 689, 692 (9th Cir.1999) (en banc) (upholding conviction under § 924(c) when firearm was in truck but drugs were not).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. For example, when Defendant drove off the road in Idaho and was approached by a police officer, he started to reach for the glove compartment before being told to keep his hands in plain sight. Although that event occurred a few hours after the conspiracy ended, it illustrates one way in which the firearm had the potential to facilitate Defendant's role in the drug-trafficking scheme.