**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fred WALKER, Defendant–Appellant.**

No. 04–10616.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed May 17, 2006.

William R. Reed, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

**656**

Glynn Burroughs Cartledge, Esq., Law Offices of Glynn Burroughs Cartledge, Reno, NV, for Defendant–Appellant.

Before: B. FLETCHER, BEEZER, and FISHER, Circuit Judges.

### MEMORANDUM *

Walker was convicted of: (1) Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii); (2) Carrying a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Walker challenges the district court's denial of his motion to suppress statements he made at the time of his arrest and the sufficiency of the evidence as to each charge. He also argues that the district court erred in finding that he had been convicted of two prior "felony drug convictions," requiring a mandatory sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). We affirm.[1]

### I

We review the voluntariness of a confession de novo. *United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir.2002). The district court correctly denied Walker's motion to suppress his statements because "under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112, 106 S.Ct. 445, 88

L.Ed.2d 405 (1985); *see also Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir.1991).

### II

We will uphold a conviction if, reviewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Bailon–Santana*, 429 F.3d 1258, 1262 (9th Cir. 2005). The evidence presented, if believed by the jury, was sufficient to support each of Walker's convictions.

 A rational juror could properly infer that Walker had the intent to distribute in violation of 21 U.S.C. § 841(a)(1) from the evidence of the amount and value of the cocaine he possessed at the time of his arrest. *See United States v. Stewart*, 770 F.2d 825, 832 (9th Cir.1985); *United States v. Ramirez–Rodriquez*, 552 F.2d 883, 885 (9th Cir.1977). The arresting officer's testimony that Walker stated that the firearm found in the automobile was his is sufficient to support a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir.2001). Because a reasonable juror could infer from the evidence presented that Walker was carrying a firearm for his protection and that the firearm therefore had the ability to facilitate his drug trafficking crime, there was sufficient evidence presented to support a conviction under 18 U.S.C. § 924(c). *See Smith v. United States*, 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993); *United States v. Loaiza–Diaz*, 96 F.3d 1335, 1337 (9th Cir.1996).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them in detail.

III

■ The district court sentenced Walker to a term of life imprisonment because it found that he had previously been convicted of two or more felony drug offenses as defined by 21 U.S.C. § 802(44). Under the plain language of § 802(44), any prior drug offense that is punishable by more than one year imprisonment (regardless of the actual imposed term of imprisonment) under either federal or state law constitutes a prior "felony drug offense." *See United States v. Robles–Rodriguez,* 281 F.3d 900, 904 (9th Cir.2002); *United States v. Ibarra–Galindo,* 206 F.3d 1337, 1339–40 (9th Cir.2000). The government presented sufficient evidence of Walker's prior convictions to support the district court's conclusion that he had at least two prior felony drug offenses. *See generally Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Brown,* 417 F.3d 1077, 1079 (9th Cir.2005).

**AFFIRMED.**