**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IMRAN AZAM,

Defendant - Appellant.

No. 23-1933

D.C. No.
3:19-mj-23019-AGS-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted November 8, 2024
Pasadena, California

Before: PARKER,[**] HURWITZ, and DESAI, Circuit Judges.
Dissent by Judge HURWITZ.

Imran Azam was convicted in a bench trial for improper attempted illegal

entry by an alien into the United States. 8 U.S.C. § 1325(a). He appeals his

conviction, claiming that the charging document did not allege the requisite mens

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Barrington D. Parker, United States Circuit Judge for
the U.S. Court of Appeals for the Second Circuit, sitting by designation.

rea, the magistrate judge improperly admitted his non-*Mirandized* statement, and there was insufficient evidence to find his alienage beyond a reasonable doubt. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

1. The complaint sufficiently alleged the requisite mens rea. We review the sufficiency of a charging document de novo. *United States v. Henson*, 123 F.3d 1226, 1235 (9th Cir. 1997), *overruled on other grounds by United States v. Foster*, 165 F.3d 689, 692 n.5 (9th Cir. 1999) (en banc). The complaint in this case alleged that "[o]n or about July 24, 2019, within the Southern District of California, defendant, Imran Azam, being an alien, attempted to enter the United States at a time and place other than as designated by Immigration Officers." "[T]he word 'attempt' . . . encompasses both the overt act and intent elements" of attempted illegal entry. *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007). The complaint need not define intent with further specificity. *Cf. Hamling v. United States*, 418 U.S. 87, 118–19 (1974). Thus, the complaint sufficiently alleged Azam's mens rea and was not defective.

2. Even assuming that Azam's non-*Mirandized* statement to the border patrol agent was admissible, there was insufficient evidence to find Azam's alienage beyond a reasonable doubt. If "a claim of sufficiency of the evidence is preserved by making a motion for acquittal at the close of evidence," this court reviews the sufficiency of evidence de novo. *United States v. Carranza*, 289 F.3d 634, 641 (9th

Cir. 2002). When reviewing the sufficiency of evidence, we determine if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 641–42 (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

We have never held that circumstantial evidence regarding a defendant's apprehension, without more, proves his alienage. But when the government offers the defendant's confession and corroborating evidence, or documentation of the defendant's alienage, we have held there is sufficient evidence to prove a defendant's alienage. *See, e.g.*, *United States v. Hernandez*, 105 F.3d 1330, 1332–33 (9th Cir. 1997) (defendant's confession plus corroborating evidence sufficient); *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075–76 (9th Cir. 2005) (documentary evidence sufficient).

Here, the government did not present a confession or documentation of Azam's alienage. Azam's only statement to the border patrol agent was "Yes, Punjabi." Punjabi is a language or ethnicity, not a country or region. *See Punjabi*, Merriam-Webster, https://www.merriam-webster.com/dictionary/Punjabi [https://perma.cc/5FHX-PF5A] (last updated Nov. 13, 2024). Given the language barrier and Azam's difficulty communicating in English, we do not read much meaning into that statement, let alone construe it as a confession of non-citizenship.

There are also no documents proving Azam's alienage. A border patrol agent testified that he checked certain databases and could not find any documents granting Azam permission to enter the United States. But an agent's inability to locate documents evidencing permission to enter does not prove citizenship of another country. Proof of alienage requires something more.

Even if the circumstances of Azam's apprehension raise suspicion that he crossed the border unlawfully, there are plausible explanations for these circumstances, thus raising reasonable doubt about his alienage. For example, U.S. citizens do not always cross the border at a port of entry. *See* Lorne Matalon, *In Rural West Texas, Illegal Border Crossings Are Routine for U.S. Citizens*, Nat'l Pub. Radio (May 25, 2019), https://www.npr.org/2019/05/25/726128023/in-rural-west-texas-illegal-border-crossings-are-routine-for-u-s-citizens [https://perma.cc/PAM5-54Q7]. And many American citizens do not speak English. *See United States: Language & Education*, Migration Pol'y Inst., https://www.migrationpolicy.org/data/state-profiles/state/language/US (last visited Nov. 19, 2024) (reporting that over five million people born in the United States have limited proficiency in English). Thus, even viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found Azam's alienage beyond a reasonable doubt based on the thin evidentiary record in this case. We reverse and remand for entry of a judgment of acquittal and any other appropriate

proceedings consistent with this disposition.

**REVERSED and REMANDED.**

*United States of America v. Azam*, No. 23-1933

HURWITZ, Circuit Judge, dissenting:

This is a close case. But I believe that "after viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). I therefore respectfully dissent.

1. Azam was apprehended by a Border Patrol agent about 200 yards north of the border, wet from "head to toe," wearing a life jacket, and hiding with four Spanish speakers in a culvert connecting to an irrigation canal in an area where people frequently enter the country illegally. I assume arguendo that these facts alone were not sufficient to establish Azam's alienage, an element of misdemeanor attempted improper entry in violation of 8 U.S.C. § 1325(a)(1). But under our case law, they are at the very least relevant to that determination. *See United States. v. Garcia-Villegas*, 575 F.3d 949, 951 (9th Cir. 2009).

2. And here there was more. The first additional item was a search of federal immigration databases that showed no evidence that Azam had permission to be in the country. The second is a statement he made to the Border Patrol agent in response to questioning during a plainly legitimate *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *United States v. Cervantes-Flores*, 421 F.3d 825, 829-30 (9th Cir. 2005). The agent, having gotten no response

1

from Azam after questioning him in Spanish, asked Azam in English where he was from. Receiving no answer, the agent then asked, "Punjabi?" Azam responded, "Yes, Punjabi."

While, as the majority states, the term "Punjabi" *can* refer to language or ethnicity, it is also commonly used to identify "a native or inhabitant of the Punjab region of the northwestern Indian subcontinent." *See Punjabi*, Merriam-Webster, https://www.merriam-webster.com/dictionary/Punjabi [https://perma.cc/5FHX-PF5A] (last updated Nov. 13, 2024). I believe that Azam's statement, together with the other facts of this case, was sufficient to allow a rational finder of fact to conclude that Azam was an alien.