**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arturo RAMOS–QUIRARTE,**
**Defendant–Appellant.**

**No. 90–30245.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 1991.*

Memorandum May 15, 1991.

Order and Opinion June 6, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

J. Jarrette Sandlin, Yakima, Wash., for defendant-appellant.

Robert A. Ellis, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before WRIGHT and O'SCANNLAIN, Circuit Judges, and LEW,** District Judge.

## ORDER

The memorandum disposition filed on May 15, 1991 is hereby designated a per curiam opinion.

## OPINION

PER CURIAM:

Arturo Ramos–Quirarte appeals from his conviction for unlawful re-entry into the

** The Honorable Ronald S.W. Lew, United States District Judge for the Central District of Califor-

United States after deportation in violation of 8 U.S.C. § 1326. He contends that (a) his possession of an Employment Authorization Card rendered him immune from prosecution for this offense during the effective dates of that card, and (b) the district court erred in declining to allow him to present evidence of his intent to obey the law. Both contentions are facially meritless.

█ Section 1326 provides in pertinent part:

[A]ny alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be guilty of a felony. . . .

8 U.S.C. § 1326(a) (1988). The fact that Ramos obtained Special Agricultural Worker status *after* his return to the United States is in no way a defense to the charge that his return itself was illegal under section 1326, and Ramos has not cited a single case that suggests otherwise.

█ Further, there is nothing in the statute to suggest that specific intent is an element of the offense. *Pena–Cabanillas v. United States*, 394 F.2d 785, 788–90 (9th Cir.1968).

AFFIRMED.