956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel PRECIADO-HERNANDEZ, Defendant-Appellant.
 No. 91-10086.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1992.*
Decided March 12, 1992.
 
 Before BOOCHEVER, REINHARDT and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Angel Preciado-Hernandez appeals his conviction and sentence for unlawful re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326. We affirm.
 
 BACKGROUND
 
 3
 Miguel Preciado-Hernandez, a citizen of Mexico, was deported from the United States on June 9, 1987. Hernandez subsequently re-entered the United States and applied for amnesty under the Immigration Reform and Control Act of 1986 (IRCA). Again, Hernandez was arrested and deported from the United States. On June 13, 1990, Hernandez was arrested by border patrol agents in Stockton, California. Hernandez was charged with unlawful re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326.
 
 
 4
 During the trial, Hernandez testified that he was not a citizen of the United States, that he had been lawfully deported from the United States, and that he had illegally re-entered the United States. The government also offered testimony and public documents indicating that Hernandez was an alien who had previously been deported. In his defense, Hernandez contended that he had a good faith belief that he was legally in the United States because he had applied for amnesty under the IRCA. However, the district court rejected Hernandez's proposed jury instruction regarding good faith.
 
 
 5
 The jury convicted Hernandez of unlawful re-entry into the United States after deportation, and the court sentenced him to twenty-four months in prison. The court denied Hernandez's request for a downward departure from the sentence indicated by the Sentencing Guidelines. Hernandez appeals both his conviction and the sentence imposed by the court.
 
 DISCUSSION
 
 6
 Hernandez argues that the district court erred when it refused to instruct the jury that a person's good faith belief that he is lawfully present in the United States is a defense to a violation of section 1326. We disagree. To obtain a conviction under section 1326 the government must prove only that (1) the accused is an alien; and (2) the accused unlawfully re-entered the United States after being deported. United States v. Gasca-Kraft, 522 F.2d 149, 152 (9th Cir.1975); Pena-Cabanillas v. United States, 394 F.2d 785, 789 (9th Cir.1968). The government need not establish that the accused knew that his presence in the United States was unlawful. United States v. Ramos-Quirarte, 935 F.2d 162, 163 (9th Cir.1991) (specific intent is not an element of the offense defined in 8 U.S.C. § 1326); Pena-Cabanillas, 394 F.2d at 790. Moreover, in United States v. Aguilar, 883 F.2d 662 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991), we noted that good faith was not a defense to a general intent crime. Id. at 672 (citation omitted) ("[i]t is not a defense to a charge of receipt of stolen goods that one did not know that such receipt was illegal"). Because section 1326 is a general intent crime and does not require knowledge of unlawful residence in the United States, the district court correctly refused to instruct the jury regarding Hernandez's good faith defense.
 
 
 7
 Hernandez further asserts that there was insufficient evidence to support his conviction. Under section 1326, the government must establish that the accused is an alien and that he unlawfully re-entered the United States after being deported. Pena-Cabanillas, 394 F.2d at 789. Hernandez testified that he was an alien and that he illegally re-entered the United States after being deported. The government also presented testimony and public records indicating that Hernandez was an alien who had previously been deported from the United States.[1] On the basis of that evidence, it is clear that a rational trier of fact could conclude beyond a reasonable doubt that Hernandez violated section 1326. United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988).
 
 
 8
 Finally, Hernandez contends that the district court's refusal to depart downward from the sentence indicated by the Sentencing Guidelines was improper. We have held that we lack jurisdiction to review a district court's discretionary decision not to depart downward from the Sentencing Guidelines. United States v. Sweenten, 933 F.2d 765, 768 (9th Cir.1991); United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). Accordingly, we have no jurisdiction to address Hernandez's contention.
 
 
 9
 The conviction and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hernandez contends that only his last deportation was relevant to the crime charged, and that the court erred when it admitted evidence suggesting that Hernandez had been deported several times. However, the documents relating to Hernandez's arguably irrelevant prior deportations were not submitted to the jury. The only testimony relating to the prior deportations was admitted solely to impeach Hernandez's contention that he had a good faith belief that he was legally in the United States. The district court's decision to allow that impeachment was not clearly erroneous