USCA1 Opinion

 

 April 25, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1923 UNITED STATES, Appellee, v. MOISES REYES-MEDINA, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ Carlos A. V zquez-Alvarez, Assistant Federal Public _____________________________ Defender, with whom Benicio S nchez-Rivera, Federal Public _______________________ Defender, was on brief for appellant. Juan A. Pedrosa, Assistant U.S. Attorney, with whom __________________ Guillermo Gil, United States Attorney, was on brief for appellee. _____________ ____________________ ____________________ Per Curiam. Appellant Mois s Reyes-Medina ("Reyes") Per Curiam. ___________ challenges the sufficiency of the evidence supporting his conviction of attempted reentry into the United States after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. 1326. For the following reasons, we affirm. BACKGROUND BACKGROUND We view and present the evidence in the light most favorable to the government. United States v. Abreu, 952 F.2d _____________ _____ 1458, 1460 (1st Cir.), cert. denied, 112 S. Ct. 1695 (1992). On ____ ______ February 15, 1994, Reyes, a native citizen of the Dominican Republic, arrived from the Dominican Republic at the Luis Mu oz Mar n International Airport in Puerto Rico. While applying for entry at the United States immigration inspection area, Reyes presented his Dominican passport, an alien Registration Receipt Card, his Social Security card, and his completed customs declaration form. Immigration officials inspecting these documents discovered that Reyes had been previously deported from the United States on August 18, 1993, after having been convicted of an aggravated felony. Reyes had previously lived in the United States for approximately ten years. Officials also ascertained that he had not obtained the express consent and permission of the Attorney General of the United States to reenter the country. Reyes was then arrested and later charged with violation of 8 U.S.C. 1326. ANALYSIS ANALYSIS -2- Reyes argues that the evidence presented at trial is insufficient to sustain his conviction, because the government failed to prove beyond a reasonable doubt two of the elements of the crime charged. First, he contends, the government failed to affirmatively prove the legality of Reyes' prior deportation. Second, Reyes claims that the government did not prove beyond a reasonable doubt that he intended to enter the United States. Because he did not realize that entering Puerto Rico is tantamount to entering the United States, Reyes argues, he lacked the necessary criminal intent, and his conviction must therefore be reversed. When reviewing sufficiency of the evidence challenges, we assess the sufficiency of the evidence as a whole in the light most favorable to the verdict, with a view to whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We do not weigh witness credibility, but resolve all credibility issues in favor of the verdict. United ______ States v. Hahn, 17 F.3d 502, 506 (1st Cir. 1994). The evidence ______ ____ may be entirely circumstantial, and need not exclude every reasonable hypothesis of innocence. In other words, the factfinder may decide among reasonable interpretations of the evidence. Id. __ Sections 1326(a) and (b)(2) provide in relevant part that: 1) any alien; 2) whose deportation was subsequent to a conviction for commission of an aggravated felony; 3) who enters or attempts to enter, or is at any time found in, the United -3- States; 4) without the express consent from the Attorney General for such reentry; 5) shall be fined and/or imprisoned. 8 U.S.C. 1326. Proving a lawful prior deportation is part of the government's burden in establishing a 1326 violation. United ______ States v. Galicia-Gonz lez, 997 F.2d 602, 603 (9th Cir. 1993). ______ ________________ An overwhelming majority of other circuits to decide this issue have held that the government need not prove that a defendant had specific intent to violate the statute; all that is required is that a defendant enter or attempt to enter the United States voluntarily. United States v. Ayala, 35 F.3d 423, 426 (9th Cir. ______________ _____ 1994) (citing United States v. Ramos-Quirarte, 935 F.2d 162, 163 _____________ ______________ (9th Cir. 1991)). See also United States v. Espinoza-Le n, 873 ________ _____________ _____________ F.2d 743, 746 (4th Cir.)(citing cases), cert. denied, 492 U.S. ____ ______ 924 (1989); United States v. Newton, 677 F.2d 16, 17 (2d ______________ ______ Cir.)(per curiam), cert. denied, 459 U.S. 850 (1982); United ____ ______ ______ States v. Hussein, 675 F.2d 114, 115-116 (6th Cir.) (per curiam), ______ _______ cert. denied, 459 U.S. 869 (1982); but see United States v. ____ ______ ___ ___ ______________ Anton, 683 F.2d 1011 (7th Cir. 1982)(requiring specific intent). _____ Applying these principles to Reyes' first argument regarding the government's alleged failure to prove that his deportation was lawful, we find his claim to be meritless. It appears from the record that Reyes did not collaterally attack the validity of his deportation either before or at trial, but simply comes before us now and contends that the government did not adduce sufficient evidence of the legality of his deportation. The government, however, submitted at trial Reyes' -4- warrant of deportation, which certified that his deportation orders were issued and carried out after due hearing before an authorized officer. We think that this evidence suffices to make out a prima facie case that Reyes was legally deported, and the jury was entitled to find, in light of this evidence and nothing on record to contradict it, that the government met its burden of proof as to this element. Reyes' second argument, that he did not intend to enter the United States because he believed that Puerto Rico was not part of the United States, must also fail. Although it is true that many people do not realize that Puerto Rico is a U.S. possession, the sincerity or reasonableness of Reyes' beliefs are irrelevant. Even assuming that such a defense were available, there was sufficient evidence for the jury to find that Reyes knew that he was entering the United States. During cross- examination, the government coaxed an admission from Reyes that he had visited Puerto Rico before, at some point while he was residing in the United States. On that visit, he had had to go through the United States immigration and customs point in order to enter Puerto Rico. The jury was entitled to infer, based on this admission, that Reyes must have known that he would face the same United States immigration and customs point, and that he therefore must have also known that entering Puerto Rico was tantamount to entering the United States. The jury was also entitled to disbelieve Reyes. We therefore find that this circumstantial evidence of his intent is sufficient to support -5- the jury's guilty verdict. For the foregoing reasons, we affirm Reyes' conviction. ______ -6-