**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Juan GUTIERREZ–ALBA,**
**aka Oscar Cardona–Elias,**
**Defendant–Appellant.**

No. 96–10491.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 1997.

Decided Nov. 10, 1997.

Alexander Silvert, First Assistant Federal Public Defender, Honolulu, HI, for defendant-appellant.

Thomas J. Brady, Omer G. Poirier, Assistant United States Attorneys, Honolulu, HI, for plaintiff-appellee.

Before: SNEED, HALL and WIGGINS, Circuit Judges.

SNEED, Circuit Judge:

Defendant-appellant Jose Juan Gutierrez–Alba appeals his conviction under 8 U.S.C. § 1326 for illegally entering the United States after having been arrested and deported. We affirm the conviction.

## I.

### BACKGROUND

On December 21, 1995, appellant was indicted for unlawfully entering the United States after having been previously deported for a felony conviction, in violation of 8 U.S.C. § 1326. The felony conviction involved an automobile theft in Idaho that occurred on October 7, 1987. At that time, appellant told the authorities that he was 18 years old. Accordingly, the court tried and sentenced him as an adult. No juvenile proceedings were ever initiated. On November 23, 1987, appellant pled guilty to the felony theft charge as an adult.

Subsequently, a prison guard learned that appellant was actually 17 years old and reported this information to the Immigration and Naturalization Service (INS) prior to the deportation hearing. Appellant appeared before an immigration judge (IJ) on December 17, 1987. Notwithstanding his minority status, the INS proceeded to deport him on the grounds that he had entered the United States without inspection, and had been convicted of a felony.

Appellant later reentered the United States. On January 2, 1990, he applied for temporary resident alien status under 8 U.S.C. § 1255a, using the name of Oscar Cardona–Elias. In the application, he did not disclose his prior felony conviction or his

prior deportation. The INS approved his application and issued him a temporary resident alien card.

Later, in November 1995, an INS agent conducted a fingerprint comparison and learned that the person claiming to be Oscar Cardona–Elias was in fact the appellant, Gutierrez–Alba. Appellant was then apprehended and convicted for unlawfully entering the United States after having been previously deported, in violation of 8 U.S.C. § 1326. *United States v. Guiterrez–Alba,* 929 F.Supp. 1318 (D.Hawai'i 1996).

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has appellate jurisdiction under 28 U.S.C. § 1291.

## II.

### COLLATERAL CHALLENGE TO PRIOR DEPORTATION ORDER

█ In *United States v. Mendoza–Lopez,* the Supreme Court held that, under certain conditions, a defendant in a criminal prosecution under 8 U.S.C. § 1326 may raise a collateral challenge to the validity of a prior deportation proceeding that is a predicate for the section 1326 prosecution. 481 U.S. 828, 837–39, 107 S.Ct. 2148, 2154–55, 95 L.Ed.2d 772 (1987). To prevail in such a collateral challenge, the defendant must show: (1) that the prior proceeding violated his due process rights; and (2) that he was prejudiced by that violation. *United States v. Proa–Tovar,* 975 F.2d 592, 594–95 (9th Cir.1992) (en banc). This court reviews such a collateral challenge *de novo. Id.* at 594.

█ Appellant alleges that the December 17, 1987, deportation hearing that led to his earlier deportation violated his due process rights by relying on an Idaho conviction for grand theft to sustain the deportation order. Appellant notes that INS regulations define the term "conviction" to mean "a conviction by a court of competent jurisdiction." 8 C.F.R. § 242.2(b). Appellant contends that the Idaho court that convicted him of grand theft was not a court of competent jurisdiction, because he was convicted in an adult court, despite the fact that he was only 17 years old at the time. Thus, he maintains the deportation proceeding violated his due process rights by relying on a conviction

from a court that was not a court of competent jurisdiction.

We need not decide whether the Idaho court was a court of competent jurisdiction. Assuming, *arguendo,* that the IJ violated appellant's due process rights, appellant must still demonstrate that he was prejudiced by that violation. *Proa–Tovar,* 975 F.2d at 595. In other words, appellant must show that "a direct appeal could ... have yielded a different result." *Id.*

█ To show prejudice, appellant claims that, had he appealed, he might have been granted a voluntary departure, under 8 U.S.C. § 1254(e), in lieu of deportation. However, a petitioner who seeks voluntary departure under 8 U.S.C. § 1254(e) "must first establish his statutory eligibility for that relief and then show that he is entitled to a favorable exercise of agency discretion." *Rashtabadi v. I.N.S.,* 23 F.3d 1562, 1571 (9th Cir.1994). To establish statutory eligibility, he must show that "he is, and has been, a person of good moral character *for at least five years* immediately preceding his application for voluntary departure." 8 U.S.C. § 1254(e) (emphasis added).

8 U.S.C. § 1101(f) defines "good moral character." It states:

> No person shall be regarded as, or found to be, a person of good moral character who, *during the period for which good moral character is required to be established,* is, or was ... a member of one or more of the classes of persons ... described in ... subparagraphs (A) and (B) of section 1182(a)(2) of this title ... if the offense described therein, for which such person was convicted *or of which he admits the commission,* was committed during such period.

8 U.S.C. § 1101(f) (emphasis added). Appellant is a member of the class described in subparagraph (A) of section 1182(a)(2), because that class includes "any alien convicted of, *or who admits having committed* ... a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A) (emphasis added). Thus, even assuming that the Idaho conviction was not from a court of competent jurisdiction, appellant still could not establish good moral

character, because he admitted having committed grand theft, which is a crime of moral turpitude. *Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1568 (9th Cir.1994).[1]

Appellant notes that section 1182(a)(2)(A)(ii) provides, in effect, that an alien who admits having committed a crime of moral turpitude can still be found to be of good moral character if the crime was committed when he was under 18 years of age. Since he was under 18 years of age at the time of the theft, he claims that he satisfied the good moral character requirement.

Appellant's reading of the statute is very selective. To establish good moral character, he must show both: (1) that he was under 18 years of age at the time the theft was committed; and (2) that the offense was committed more than five years before the date of his application for voluntary departure. *See* 8 U.S.C. § 1182(a)(2)(A)(ii) and 8 U.S.C. § 1254(e). If appellant had applied for voluntary departure in December 1987—the date of his deportation hearing—he could not have satisfied the second requirement, because he admitted having committed auto theft just two months earlier. Thus, if appellant had applied for voluntary departure in December 1987, the Attorney General would have found him to be statutorily ineligible because: (1) section 1254(e) requires the applicant to be of good moral character for five years prior to the date of application; (2) a person who admits having committed grand theft is, by definition, not a person of good moral character; and (3) appellant could not have qualified for the statutory exception for crimes committed by minors, because the crime was committed only two months before the application for voluntary departure would have been filed.

In sum, appellant was statutorily ineligible for voluntary departure in December 1987 because he did not meet the "good moral character" requirement. Inasmuch as he was statutorily ineligible for voluntary departure, "a direct appeal could not have yielded a different result." *Proa–Tovar*, 975 F.2d at 595. Therefore, even assuming that appellant's due process rights were violated, appellant has failed to demonstrate that he was prejudiced by that violation.

## III.

### THE "AMNESTY" ISSUE

■ Before trial, appellant informed the district court that he intended to introduce evidence showing that he had been granted "amnesty"—i.e., temporary resident alien status—pursuant to 8 U.S.C. § 1255a. He argued that this evidence was relevant, because the government was precluded from prosecuting him under 8 U.S.C. § 1326 unless it first rescinded the prior grant of "amnesty." *Guiterrez–Alba*, 929 F.Supp. at 1323. The government moved to exclude the evidence as irrelevant, arguing that the grant of temporary resident alien status does not constitute a defense to criminal liability under section 1326. *Id.* The district court granted the government's motion to exclude. *Id.* at 1324.

8 U.S.C. § 1326(a) provides, in relevant part, that any alien who "has been arrested and deported, [or] has been excluded and deported ... and thereafter enters, attempts to enter, or is at any time found in, the United States ... shall be fined under Title 18, or imprisoned ... or both." In short, it is a crime to enter the United States: (1) after having been arrested and deported, or (2) after having been excluded and deported.

8 U.S.C. § 1326(a)(2) establishes two exceptions. First, an alien who was previously "excluded and deported" cannot be convicted under section 1326 if he establishes that he was not required to obtain advance consent from the Attorney General before reentering the United States. 8 U.S.C. § 1326(a)(2)(B). Appellant contends that this exception protects him from prosecution under section 1326. However, by its terms, this exception

---

1. Appellant moved and was granted permission to amend the record of this case following oral argument to reflect the fact that on Aug. 6, 1997, an Idaho state court issued an order amending Gutierrez–Alba's conviction for grand theft, reducing it from a felony to a misdemeanor offense. However, the fact remains that appellant did *admit* committing an act which constitutes grand theft, a crime of moral turpitude. Therefore, he would still have been precluded from establishing good moral character, as defined by 8 U.S.C. § 1101(f), in any proceeding seeking a voluntary departure.

applies only to aliens who were "excluded and deported." 8 U.S.C. § 1326(a)(2)(B). Since appellant was *arrested* and deported, not "excluded and deported," the first exception does not apply to him.

Second, an alien cannot be convicted under section 1326 if "prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission." 8 U.S.C. § 1326(a)(2)(A). In other words, an alien is shielded from criminal liability under section 1326 if, after deportation and before reentering the United States, he obtains the Attorney General's consent to reapply for admission. Appellant, however, did not obtain such consent prior to reentering the United States. Rather, he was granted temporary resident alien status *after* he had already reentered the United States illegally. Thus, the district court properly concluded that appellant's conduct did not fall within the scope of this exception. *Guiterrez–Alba*, 929 F.Supp. at 1323–24.

Appellant contends that the grant of temporary resident alien status pursuant to 8 U.S.C. § 1255a operates retroactively to make his entry into the United States a lawful, consensual entry, thereby immunizing him from prosecution under section 1326, at least until his status as a temporary resident alien is rescinded. Appellant does not cite any specific statutory language from section 1255a in support of this argument. A careful reading of section 1255a suggests that the intent of the statute is to provide relief from deportation to certain aliens who would otherwise be deportable; it says nothing about immunity from criminal prosecution.

This court's decision in *United States v. Ramos–Quirarte*, 935 F.2d 162 (9th Cir. 1991), is instructive. In that case, the defendant, like appellant herein, was convicted under section 1326 for unlawful reentry after deportation. On appeal, he claimed immunity from prosecution on the ground that he had been granted special agricultural worker status. This court held that "[t]he fact that Ramos obtained Special Agricultural Worker status *after* his return to the United States is in no way a defense to the charge that his return itself was illegal under section 1326." *Id.* at 163 (emphasis in original). Similarly,

the fact that appellant obtained temporary resident alien status *after* his return to the United States is not a defense to the charge that his *return was illegal* under section 1326.

Appellant argues that his case is distinguishable from *Ramos–Quirarte*, because he was granted amnesty under section 1255a, whereas Ramos was merely granted special agricultural worker status. This argument fails. The distinction is one of form, not substance.

Ramos' claim was based on 8 U.S.C. § 1160, which governs special agricultural workers. The first sentence of that section reads: "The Attorney General shall adjust the status of an alien to that of an alien lawfully admitted for temporary residence if the Attorney General determines that the alien meets the following requirements." 8 U.S.C. § 1160(a)(1). Appellant's claim is based on 8 U.S.C. § 1255a, which governs temporary resident aliens. The first sentence of that section reads: "The Attorney General shall adjust the status of an alien to that of an alien lawfully admitted for temporary residence if the alien meets the following requirements." 8 U.S.C. § 1255a(a).

In short, the status accorded to aliens under the two statutes is identical: both are classified as "alien[s] lawfully admitted for temporary residence." Given that lawful admittance for temporary residence under section 1160 does not establish a defense to criminal charges under section 1326, *Ramos–Quirarte*, 935 F.2d 162, it follows that lawful admittance for temporary residence under section 1255a also does not establish a defense to criminal charges under section 1326.

## IV.

### CONCLUSION

The conviction is AFFIRMED.