**Danny James KLONTZ, Petitioner—Appellant,**

v.

**John ASHCROFT, Attorney General, Respondent—Appellee.**

No. 00–17499.

D.C. No. CV–00–03717–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.*

Decided June 4, 2002.

Before SNEED, BRUNETTI, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Klontz appeals the district court's order denying his habeas petition. Klontz claims the court erred in ruling that he was ineligible to apply for relief from removal, and that the immigration judge and district court both denied him due process. We affirm the district court and hold that Klontz was not denied due process.

---

* Argued as to appellee and submitted on the briefs as to appellant.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## A. *Eligibility to Apply for Relief from Removal*

■ Klontz relies on *INS v. St. Cyr*[1] in arguing that he is still eligible to apply for relief from removal because he was eligible to do so at the time he pled guilty. As an initial matter, we reject the Government's argument that Klontz should exhaust his administrative remedies before seeking relief in federal court. Prudential exhaustion is not necessary in this situation because resolution of the issue requires no agency expertise and is not a matter of agency discretion.[2] Furthermore, the issue at hand is a legal question that does not require the agency to develop the factual record.[3] Klontz did not need to raise this claim to the administrative agency before presenting it in federal court.[4]

■ Klontz cannot rely on *St. Cyr* to claim eligibility to apply for relief from removal because he was not eligible to apply for such relief at the time he pled guilty. At the time Klontz pled guilty, Congress had already enacted the Anti–Terrorism and Effective Death Penalty Act (AEDPA).[5] AEDPA precluded eligibility to apply for relief from removal for aliens who had been convicted of at least two crimes of moral turpitude if the alien had committed those crimes within five years after entry and if the court could impose sentences of at least one year imprisonment for each crime.[6] Later that year, after Klontz's guilty plea, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA).[7] Within that Act, Congress eliminated the requirement that the alien must have committed the crimes of moral turpitude within five years of entry and made that particular provision retroactive to the date of AEDPA's enactment.[8] Therefore, because Klontz pled guilty to two crimes of moral turpitude, for each of which he could have been sentenced to more than one year imprisonment, he was ineligible to apply for relief from removal at the time he pled guilty.[9] Therefore, we affirm the district court's decision that Klontz is currently ineligible to apply for relief from

1. 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

2. *McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (explaining that because agency decisions are often discretionary or based on particular expertise, the agency should have the first chance to exercise that discretion or expertise).

3. *Id.* (stating that it is desirable to let the agency develop the factual background upon which decisions should be based).

4. *Id.* at 198–99, 89 S.Ct. 1657 (holding that issue which involved statutory interpretation did not require exhaustion because it required no agency expertise, was not a matter of discretion, and would not have been aided by any additional administrative action); *Johnson v. Shalala*, 2 F.3d 918, 922 (9th Cir.1993) (holding that exhaustion is not required when the issue is one of statutory construction because a detailed factual record and agency expertise do not aid in the resolution of the issue).

5. Pub.L. No. 104–132, 110 Stat. 1214 (1996).

6. *Id.* § 440(d).

7. Pub.L. No. 104–208, 110 Stat. 3009–546 (1996).

8. *Id.* § 306(d).

9. Klontz pled guilty to petty theft and grand theft, and received sentences for those crimes of 32 months and 16 months, respectively. Petty theft and grand theft are both crimes of moral turpitude. *See United States v. Esparza–Ponce*, 193 F.3d 1133, 1136–37 (9th Cir. 1999) (holding that crime of petty theft is crime of moral turpitude for purposes of the INA); *United States v. Gutierrez–Alba*, 128 F.3d 1324, 1327 (9th Cir.1997) (stating that grand theft is crime of moral turpitude).

removal.[10]

### B. *Due Process Claim*

■ Klontz claims that he did not receive due process because the immigration judge and district judge did not conduct evidentiary hearings before depriving him of a liberty interest. Klontz's claim fails because he had sufficient hearings before both judges. The immigration judge and district judge each allowed Klontz an opportunity to submit evidence and to argue his claims. In addition, Klontz did not object to either hearing at the time. The fact that Klontz had no evidence to present does not negate the sufficiency of the proceedings.[11] We affirm the district court's denial of Klontz's habeas petition.

AFFIRMED.

10. Although the district court's reasoning differed from our analysis, we may affirm on any ground supported by the record. *Caro v. Woodford*, 280 F.3d 1247, 1252 (9th Cir. 2002).

11. *See In re Yochum*, 89 F.3d 661, 672 (9th Cir.1996) (holding that due process was satisfied where the Yochums had an opportunity

to be heard, strenuously argued their point at the hearing, and did not claim a due process violation at the time); *Jordan v. City of Lake Oswego*, 734 F.2d 1374, 1376 (9th Cir.1984) (holding that fact that Jordan did not avail himself of opportunity to present evidence at public hearing did not detract from the conclusion that the process was sufficient).