Silvia AGUILAR–GARCIA, Petitioner,

v.

**Tom RIDGE, Secretary of Homeland Security, Respondent.**

No. 02–73887.
Agency No. A70–815–441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided Feb. 17, 2004.

Robert J. Dupont, Pasadena, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Papu Sandhu, Washington, DC, for Respondent.

Before REINHARDT, THOMPSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Silvia Aguilar–Garcia, a Guatemalan citizen, was ordered deported on December 2, 1996 *in absentia* when she failed to appear at her asylum hearing. Aguilar's motion to reopen was subsequently denied by the Immigration Judge and the BIA. While the denial of her motion to reopen was still pending on appeal before the BIA, Aguilar self-deported in 1997 to visit her ailing father in Guatemala. She reentered the United States seven days later using a multiple entry visa issued to her in 1988. Aguilar remained in the country, and on October 28, 2002, she was interviewed by an immigration officer in connection with her application for adjustment of status. When the officer discovered Aguilar's 1997 self-deportation and reentry, he reinstated her prior order of removal pursuant to 8 U.S.C. § 1231(a)(5). Aguilar appeals the reinstatement of her removal order.

I

■ Aguilar argues that the Department of Homeland Security erred in applying the reinstatement statute, § 1231(a)(5), because she reentered the country upon authorization and inspection by an immigration official, and thus, did not reenter the United States "unlawfully" as required by the provision. However, under the express terms of the Agency's implementing regulations, a self-deported alien may not reenter for five years following deportation unless she has filed an I–212 Form requesting the permission of the Attorney General, and has obtained his consent to reenter pursuant to this specified procedure. 8 C.F.R. § 212.2. Accordingly, we are compelled to conclude that, because

Aguilar failed to obtain the consent of the Attorney General pursuant to the section 212.2 procedures, her use of a facially valid visa, her inspection by border officials, and the issuance to her of an I–94 upon reentry did not make her entry lawful for purposes of § 1231(a)(5). *See United States v. Pina–Jaime,* 332 F.3d 609, 611–612 (9th Cir.2003),

II

■ Aguilar also argues that the reinstatement provision, 8 U.S.C. § 1231(a)(5), and the Agency's implementing regulation, 8 C.F.R. § 241.8, violate due process. While the procedures for imposing reinstatement orders do raise substantial due process concerns, *see Castro–Cortez v. INS,* 239 F.3d 1037 (9th Cir.2001), Aguilar cannot show that any procedural defect prejudiced her because she raises no factual dispute regarding the three relevant determinations underlying a reinstatement order. *Padilla v. Ashcroft,* 334 F.3d 921, 924–25 (9th Cir.2003) ("As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings," an alien must "demonstrate a plausible ground for relief from deportation.") (internal citations omitted). Because Aguilar admits that (1) she is an alien (2) who was previously removed and (3) reentered without the "consent" of the Attorney General, as required by 8 C.F.R. § 212.2, a full hearing before an immigration judge "could not help her because those are the only three elements at issue in determining whether a reinstatement order is valid." *Id.* at 925. Under these circumstances, we are compelled to reject Aguilar's argument that the reinstatement procedures violate due process.

## III

For the foregoing reasons, Aguilar's appeal of the § 1231(a)(5) reinstatement of her removal order is DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.