**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose VENEGAS–GARCIA, aka Dionicio Sanchez–Gonzales, Jose Vengas–Garcia, Defendant—Appellant.**

No. 04–30540.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2005.*

Decided July 25, 2005.

Marcia Good Hurd, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark S. Werner, Esq., FDMT–Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

MEMORANDUM **

■ Jose Venegas–Garcia was convicted by a jury of unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a). He contends there is insufficient evidence to support the jury's verdict because the Government failed to prove that he entered the country without consent. We affirm the conviction and remand for re-sentencing.

## DISCUSSION

An alien who has been previously deported violates § 1326(a) if he "enters, attempts to enter, or is at any time found in" the United States unless "the Attorney General has expressly consented to such alien's reapplying for admission." *United States v. Pina–Jaime*, 332 F.3d 609, 611 (9th Cir.2003) (internal quotation omitted). Venegas–Garcia argues he entered with consent because he was admitted at a border checkpoint after presenting an unexpired border crossing card issued to him prior to his deportation. We reject that argument.

The Government may prove lack of consent by demonstrating that the alien did not submit the required forms to reapply for admission. *See id.* at 612. The Government presented such evidence here and a reasonable jury could have thus concluded that Venegas–Garcia did not have permission to reenter the United States. *See United States v. Blanco–Gallegos*, 188 F.3d 1072, 1075 (9th Cir.1999). Venegas–Garcia's possession of a valid border crossing card is not a defense to prosecution under § 1326. *See United States v. Leon–Leon*, 35 F.3d 1428, 1432–33 (9th Cir.1994) (green card); *United States v. Ramos–*

*Quirarte*, 935 F.2d 162, 163 (9th Cir.1991) (employment authorization card).

■ Although we affirm Venegas–Garcia's conviction, we remand his sentence to the district court for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, —— F.3d ——, No. 03–30387, 2005 WL 1560269 (9th Cir. July 5, 2005) ("We conclude that a limited remand is proper in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional.").

**AFFIRMED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

