**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Raul DIAZ–MARTINEZ, Defendant—
Appellant.**

**No. 05–50146.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided July 5, 2006.

Neville S. Hedley, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Martha McNab Hall, Esq., Dilorio & Hall, San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.*

### MEMORANDUM **

Raul Diaz–Martinez appeals his sentence following a jury trial conviction for illegal reentry in violation of 8 U.S.C. § 1326. He challenges a 16–level enhancement for reentry after deportation subsequent to sustaining a felony conviction by arguing (1) that the evidence was not suffi-

---

\* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cient to prove his attempted reentry was subsequent to deportation, or that he was an alien, and (2) that the District Court improperly relied on a prior conviction to enhance his statutory maximum sentence.

Contrary to Diaz's contention, the evidence of the Immigration Judge's December 2003, indecision concerning Diaz's citizenship due to an incomplete record does not help prove the Attorney General's consent to Diaz's presence in the United States, or vitiate the effect of Diaz's previous removals, exclusions, and/or deportations. *See United States v. Pina–Jaime*, 332 F.3d 609 (9th Cir.2003). Therefore, the Diaz's illegal reentry to the United States on January 7, 2004, following his April 2002 deportation order, can be found to constitute an illegal reentry pursuant to 8 U.S.C. § 1326.

The Immigration and Naturalization Services ("INS") has promulgated detailed regulations governing the process by which the Attorney General will consent to a deported alien reapplying for admission into the United States, including a five-year waiting period and submission of an I–212 form. *Id.* at 611–12. We find that the evidence presented during the underlying trial was sufficient that the jury could reasonably conclude that Diaz never attempted to legally reenter the United States, and thus that his January 7, 2004 reentry was illegal pursuant to 8 U.S.C. § 1326.

Diaz's contention that his admissions of alienage at previous immigration hearings are inadmissable fails because "the law does not entitle aliens to counsel at deportation hearings." *United States v. Rivera–Sillas*, 417 F.3d 1014, 1017–18 (9th Cir.2005). "A deportation proceeding is administrative in nature and is not accompanied by a right to counsel." *Id.* The government's evidence—of Diaz's prior deportation, of previous admissions of alien-age before an Immigration Judge, and testimony from another individual named "Raul Diaz–Martinez" that contradicted the Defendant's claims regarding the birth certificate—are sufficient proof that Diaz was an alien under the standard set forth in *United States v. Sotelo*, 109 F.3d 1446, 1449 (9th Cir.1997).

Diaz's argument that the District Court erred in issuing a 16–level enhancement also fails. The United States Supreme Court has repeatedly reaffirmed its holding in *Almendarez–Torres v. United States*, which states that "[a]ny fact, *other than a prior conviction*, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (emphasis added); *See Apprendi v. New Jersey*, 530 U.S. 466, 489, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *U.S. v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Here, the District Court's enhancement was not erroneous as it was based on Diaz's previous convictions, which remain cognizable under *Almendarez–Torres*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**AFFIRMED.**