UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose PERES–PERES, Defendant—
Appellant.

No. 08–10224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2009.

Filed June 15, 2009.

Cassie Bray Woo, Assistant U.S., United States Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jeanette Elizabeth Alvarado, Federal Public Defender, FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: REINHARDT, ARCHER,* and McKEOWN, Circuit Judges.

## MEMORANDUM **

Defendant Jose Peres–Peres appeals from a conviction under 8 U.S.C. § 1326 for being in the United States in July 2007 without the consent of the Secretary of the Department of Homeland Security,[1] after having been previously deported in 1991. Peres–Peres argues that he should have been allowed to present a defense under 8 U.S.C. § 1326(a)(2)(B) that he was not required to obtain such consent.

▮ The government asks us to affirm the district court's pre-trial denial of the defense on the ground that it is only available to those who were previously "denied admission and removed," 8 U.S.C. § 1326(a)(2)(B), not to those who were deported or removed from within the country. See United States v. Gutierrez–Alba, 128 F.3d 1324, 1327–28 (9th Cir.1997) (holding, under the earlier wording of the statute, that an alien who was "arrested and deported" rather than "excluded and deported" cannot assert a defense under § 1326(a)(2)(B)). The district court erred in barring the defense because the government failed to submit any evidence at that stage of the proceedings establishing that Peres–Peres was previously deported from within the country rather than "denied admission and removed."[2]

▮ Nevertheless, the district court's error was harmless because the evidence during trial showed unequivocally that Peres–Peres was arrested and deported rather than "denied admission and removed," and because he never contended otherwise. We expect the government to offer evidence of arrest and deportation in the future, however, before seeking to preclude defendants from asserting their § 1326(a)(2)(B) defense.

▮ Peres–Peres waived his argument that he was entitled to a jury instruction on the lesser-included offense for illegal entry, 8 U.S.C. § 1325, by failing to argue the issue adequately in the opening brief. See United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir.1995).

For these reasons, the judgment of the district court is **AFFIRMED**.

---

* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The relevant statutory sections refer to the Attorney General, but the Homeland Security Act of 2002 transferred most immigration functions, except the Executive Office of Immigration Review, from the Department of Justice to the Department of Homeland Security. See Hernandez v. Ashcroft, 345 F.3d 824, 828 n. 2 (9th Cir.2003).

2. In fact, the grand jury charged Peres–Peres with having been "previously denied admission, excluded, deported, *and* removed from the United States ...." (emphasis added), suggesting that he had been "denied admission and removed," 8 U.S.C. § 1326(a)(2)(B).