NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLAN ALTAMIRANO TREJO, | No. 19-72462 |
| Petitioner, | Agency No. A095-620-585 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review from Orders of the
Department of Homeland Security and the Executive Office for Immigration
Review

Submitted November 16, 2020**
Pasadena, California

Before: RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,*** District Judge.

Allan Altamirano Trejo ("Altamirano"), a citizen and native of Mexico,

petitions for review of an August 30, 2019, order of the Department of Homeland

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Morrison C. England, Jr., United States Senior District Judge for the Eastern District of California, sitting by designation.

Security ("DHS") reinstating an expedited removal order previously issued in 2004. Altamirano further seeks review of a subsequent October 24, 2019, decision, made by an immigration judge ("IJ"), which concurred in the asylum officer's negative reasonable fear determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. DHS was not tasked with reviewing the legality of the 2004 removal order when it considered reinstatement in 2019. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497–98 (9th Cir. 2007). Instead, DHS's role was limited to the ministerial task of assessing whether "(1) [Altamirano was] an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Id.* at 495 (citing 8 C.F.R. § 241.8). Given that narrow scope, we lack jurisdiction to consider Altamirano's substantive challenges to the 2004 removal order. 8 U.S.C. § 1252(a)(2)(A).

2. Nor is Altamirano's claim that he was legally paroled back into the United States after being deported in 2004 persuasive. Aside from the self-serving declarations provided by Altamirano and his family, there is no evidence in the record to corroborate his claim. Since a grant of parole would have been documented, and no such documentation was produced here, the declarations provided by Altamirano are insufficient to establish he legally returned from Mexico. *See United States v. Arango*, 670 F.3d 988, 994 (9th Cir. 2012).

3.     Even assuming Altamirano had been paroled to return pending adjudication of his adjustment of status application, that request was denied on August 30, 2004, at which point his parole would have expired. *See* 8 C.F.R. § 212.5(e)(1). Altamirano nonetheless remained in the United States for the next fifteen years. By overstaying his parole in such an egregious manner, Altamirano effectuated an illegal reentry. *See United States v. Pina-Jaime*, 332 F.3d 609, 612 (9th Cir. 2003).

4.     Altamirano also brings a due process claim, alleging that the agency failed to properly notify him of the IJ's October 24, 2019, negative reasonable fear review hearing. However, his claim is contradicted by the record, which shows that he was served with notice on both October 15 and 18, 2019. Moreover, by the time of the hearing, Altamirano had affirmatively elected through counsel not to advance a reasonable fear claim, instead choosing to rely solely on his challenge to the reinstatement order. A subsequent negative reasonable fear hearing is not the venue to assert a reasonable fear claim in the first instance. Dep't of Just., Immigr. Ct. Prac. Manual, ch. 7.4(e)(iv)(E) (explaining that the IJ reviews only the "asylum officer's decision").

5.     The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**

3